IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ANTONINA WALDEN, individually and as Personal Representative of the ESTATE OF SCOTT WALDEN,<br><br>Plaintiff,<br><br>v.<br><br>HASHI SHIRE, AJ LOGISTICS, LLC , and FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant Hashi Shire, files this Notice of Removal of this case from the District Court of Morton County, North Dakota, where it is currently pending, to the United States District Court for the District of North Dakota based on diversity jurisdiction. As grounds for removal, Defendant states as follows:

1.  On April 19, 2022, Plaintiff Antonina Walden individually and as Representative of the Estate of Scott Walden ("Plaintiffs") obtained the Summons and Complaint from the District Court of Morton County, North Dakota[1]. Defendant then caused the case to be filed in the District Court of Morton County, North Dakota. The Complaint as drafted by Plaintiff names Hashi Shire, improperly names AJ Logistics LLC, a North Dakota Limited Liability Company (the proper entity

---

[1] The Summons and Complaint were filed with the District Court of Morton County, North Dakota on May 18, 2022. Defendant Hashi Shire is still waiting for a Case Number to be assigned.

is AJ Logistics Inc., a Minnesota Corporation), and FedEx Ground Package System, Inc, ("FedEx Ground") as the Defendants. (Ex. A, Plaintiffs' Complaint).

2. Defendant Shire was served with the Summons and Complaint on or about April 27, 2022. Well within 30 days of the date of this Notice of Removal.

3. Upon information and belief, FedEx Ground has not been served with the Summons and Complaint.

4. AJ Logistics, LLC, is an improperly named party with no connection to the accident in the Complaint. AJ Logistics, Inc., is a Minnesota Corporation that employed Defendant Shire. Upon information and belief, AJ Logistics, Inc., has not been served with the Summons and Complaint.

5. As set forth in Plaintiffs' Complaint, Plaintiff is a resident of the State of North Dakota. (Ex. A, Plaintiff's Complaint, ¶ 2). Upon information and belief, not only is Plaintiff as an individual and as representative of the Estate of Mr. Walden a resident of the State of North Dakota, but she is a citizen of the State of North Dakota for purposes of diversity jurisdiction.

6. Defendant Shire is a resident of Minnesota as alleged and further admits that he is a citizen of Minnesota for purposes of diversity jurisdiction. (*See* Ex. A, Plaintiffs' Complaint, ¶ 4).

7. A corporation's citizenship for the purposes of diversity jurisdiction is: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1).

8. A corporation's principal place of business is the place where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93

(2010). Normally, it is where the corporation maintains its headquarters, i.e. the "nerve center." *Id*.

9. Defendant AJ Logistics Inc. (improperly named AJ Logistics LLC, a North Dakota Limited Liability Company) is a Minnesota corporation with its principal place of business in Minnesota. (Ex. B, Affidavit of AJ Logistics, Inc. ¶¶ 4-9).

10. Defendant FedEx Ground is a Delaware corporation. (Ex. A, Plaintiff's Complaint ¶ 6).

11. Defendant FedEx Ground has its headquarters and principal place of business in Pennsylvania and has been found to be "a citizen of Pennsylvania for purposes of federal court diversity jurisdiction." *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 676 (7th Cir. 2006).

12. Accordingly, for the purposes of federal diversity jurisdiction, Defendant FedEx Ground is a Delaware corporation with its principal place of business in the State of Pennsylvania and not a citizen of North Dakota.

13. At the time this action commenced, and at all times since, Plaintiff and the Defendants are and remain citizens of different states.

14. Even though, upon information and belief, neither AJ Logistics, Inc., or FedEx Ground have been properly served with process, they have been consulted prior to filing this Notice of Removal and consent to removal of this action from the State Court of North Dakota to this Court.

15. To satisfy the amount-in-controversy requirement, Defendant must show by a preponderance of the evidence only that "a fact finder could legally conclude, from the pleadings

and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Mehl v. Canadian Pac. Ry.,* 2004 WL 2554589, at *2 (D.N.D. Nov. 8, 2004).

16.     Plaintiffs herein seek damages related to a motor vehicle accident on an interstate highway. (Ex. A, Plaintiff's Complaint). In the prayer, Plaintiffs seek a sum not less than $150,000 of damages on nine counts: wrongful death, negligence of Defendant Shire, vicarious liability, negligent hiring, training, and supervision by Defendant AJ Logistics, Inc., negligence of AJ Logistics, Inc., negligent hiring, training, and supervision by FedEx Ground, negligence of FedEx Ground, negligent infliction of emotional distress, and a survival action. (Ex. A, Plaintiffs' Complaint). Since Plaintiffs seek at least $150,000 in damages for the aforementioned counts, and based on the types of damages alleged, a fact finder could legally conclude that the total amount in controversy is greater than $75,000.

17.     Accordingly, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332 (a)(1).

18.     Removal of this action is not prohibited by any federal statute.

19.     If any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of Defendant's position that this action is removable.

WHEREFORE, Defendant, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiffs, and the filing of a copy of this Notice of Removal with the Clerk of the District Court of the Morton County, North Dakota, effects the removal of said civil action to this Honorable Court.

This 18th day of May, 2022.

                Respectfully submitted,

                EBELTOFT SICKLER LAWYERS PLLC

                */s/ Courtney Presthus*
                Courtney Presthus, Lawyer ND #06741
                2272 Eighth Street West
                Dickinson, ND 58601
                Tel: 701-225-5297
                Fax: 701-225-9650
                cpresthus@ndlaw.com

                ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on this 18th day of May 2022 a true and correct copy of the foregoing was served via the Court's CM/ECF system which generated electronic notice of same to the following counsel of record:

Zachary Peter Lowe
Eric Hinckley
Jason Harmon
LOWE LAW GROUP
6028 S. Ridgeline Drive, Suite 200
Ogden, UT  84405
ATTORNEYS FOR PLAINTIFF

                */s/ Courtney Presthus*
                Attorneys for Defendant