| | |
|---|---|
| STATE OF NORTH DAKOTA<br>COUNTY OF MORTON | IN DISTRICT COURT<br>SOUTH CENTRAL JUDICIAL DISTRICT |

| | |
|---|---|
| **ANTONINA WALDEN**, individually, and as Personal Representative of the **ESTATE OF SCOTT WALDEN**;<br><br>Plaintiffs,<br><br>vs.<br><br>**HASHI SHIRE**, an individual; **AJ LOGISTICS, LLC.**, a North Dakota limited liability company; Minnesota Corporation; **FEDEX GROUND PACKAGE SYSTEM, INC.**, a Delaware Corporation;<br><br>Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br><br><br><br><br>Civil No. |

[¶1] COMES NOW Plaintiff, individually and as personal representative on behalf of the Estate of Scott Walden, by and through her counsel of record, Zachary Peter Lowe, Eric Hinckley and Jason Harmon of Lowe Law Group, for her causes of action and claims for relief against the Defendants. Upon information and belief, Plaintiff alleges and avers as follows:

## I.   PARTIES, JURISDICTION AND VENUE

[¶2] Plaintiff Antonina Walden (hereinafter "Plaintiff" or "Mrs. Walden") is a resident of Morton County, North Dakota.

[¶3] Plaintiff Antonina Walden (hereinafter "Plaintiff" or "Mrs. Walden") has been duly appointed personal representative over the Estate of Scott Walden.

[¶4] Upon information and belief, Defendant Hashi Shire (hereinafter "Defendant Shire") is a resident of Hennepin County, Minnesota.

1

[¶5] Upon information and belief, Defendant AJ Logistics, LLC (hereinafter "Defendant AJ Logistics") is a North Dakota limited liability company doing business in Morton County, North Dakota.

[¶6] Upon information and belief, Defendant FedEx Ground Package System, Inc. (hereinafter "Defendant FedEx") is a Delaware corporation doing business in Morton County, North Dakota.

[¶7] The causes of action pleaded herein occurred in Morton County, North Dakota, therefore Venue is proper pursuant to N.D.C.C. 28-04-03.1.

[¶8] This Court has jurisdiction over the above-named parties and over the subject matter over this action.

## II. FACTS

[¶9] On or about March 4, 2022, Scott and Nina Walden were traveling from Bismarck, North Dakota to Missoula, Montana on Interstate 94 in Morton County, North Dakota.

[¶10] At or around the same time, Defendant Shire, while in the course and scope of his employment with AJ Logistics and/or FedEx was driving a tractor owned by AJ Logistics and trailer owned by FedEx eastbound on Interstate 94 in Morton County, North Dakota.

[¶11] As the Waldens approached mile marker 136, without any advanced warning or notice, Defendant Shire lost control of the semi-tractor and trailer and caused a collision with the Walden vehicle.

[¶12] As a result of Defendant Shire's reckless, careless and negligent operation of the semi-tractor and trailer, Scott Walden was killed, Mrs. Walden suffered personal injuries, and their personal property was damaged and/or destroyed including but not limited their 2022 PJ trailer, laptop and other personal effects.

### III. COUNT ONE- WRONGFUL DEATH

[¶13] Plaintiff re-alleges all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶14] Defendant Shire owed a duty of reasonable care to Scott Walden in the operation of the semi-truck and trailer and breached that duty when Defendant Shire failed to operate his vehicle in a safe, reasonable, and prudent manner.

[¶15] The negligent and careless acts of Defendant Shire were the direct and proximate cause of the collision, which ultimately resulted in the death of Scott Walden.

[¶16] As a direct and proximate result of Defendant Shire's negligence, Scott Walden was killed.

[¶17] As a direct and proximate result of Defendant Shire's negligence, Scott Walden's heirs have incurred economic damages, including medical expenses and medical care, rehabilitation services, custodial care, loss of earnings and earning capacity, loss of income or support, burial/funeral costs, cost of substitute domestic services, loss of employment or business or employment opportunities and other monetary losses, the exact amount to be proven at trial.

[¶18] As a direct and proximate result of Defendant Shire's negligence Scott Walden's heirs incurred noneconomic damages, including pain, suffering, inconvenience, physical impairment, disfigurement, mental anguish, emotional distress, fear of injury, loss or illness, loss of society and companionship, loss of consortium, and other nonpecuniary damage.

### IV. COUNT TWO- NEGLIGENCE OF DEFENDANT SHIRE

[¶19] Plaintiff re-alleges all preceding paragraphs and incorporates them by reference as if fully set forth herein.

[¶20] Defendant Shire owed a duty of reasonable care to Plaintiff Mrs. Walden in the operation of the semi-truck and breached that duty when he failed to operate the semi-truck in a safe, reasonable, and prudent manner.

[¶21] The negligent and careless acts of Defendant Shire were the direct and proximate cause of the collision, which ultimately resulted in serious bodily injury to the Plaintiff Mrs. Walden.

[¶22] As a direct and proximate result of Defendant Shire's negligence, Plaintiff Mrs. Walden sustained serious bodily injuries, which have caused her great pain, discomfort, inconvenience, loss of established course of life, and physical and emotional suffering.

[¶23] As a direct and proximate result of Defendant Shire's negligence, Plaintiff Mrs. Walden has incurred medical expenses, the exact amount to be proven at trial, and Plaintiff may yet incur future medical expenses.

[¶24] As a direct and proximate result of Defendant Shire's negligence, Plaintiff Mrs. Walden has suffered severe emotional and mental distress.

[¶25] As a direct and proximate result of Defendant Shire's negligence, Plaintiff Mrs. Walden has suffered general damages for pain and suffering in an amount to be proven at trial.

[¶26] As a direct and proximate result of Defendant Shire's negligence, Plaintiff Mrs. Walden has suffered lost earnings and loss of earning capacity in an amount to be proven at trial.

### V.     COUNT THREE- VICARIOUS LIABILITY

[¶27] Plaintiff re-alleges all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶28] At all times relevant hereto, upon information and belief, Defendant Shire was acting within the course and scope of his employment with Defendant AJ Logistics and/or

Defendant FedEx.

[¶29] Defendants AJ Logistics and/or FedEx are vicariously liable for Defendant Shire's negligence.

### VI. COUNT FOUR- NEGLIGENT HIRING/TRAINING/SUPERVISION OF DEFENDANT AJ LOGISTICS

[¶30] Plaintiff re-alleges all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶31] Defendant AJ Logistics' actions constituted a breach of multiple duties of care including, but not limited to, its duty to exercise reasonable care in hiring and/or retaining Defendant Shire.

[¶32] Defendant is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

[¶33] As a direct and proximate cause of Defendant's negligence, Plaintiff suffered personal injuries.

[¶34] As a direct and proximate cause of Defendant's negligence, Plaintiff has suffered physical pain.

[¶35] Plaintiff's injuries have caused a substantial decrease in the quality of her daily life.

[¶36] Defendant breached this duty, and this breach was the proximate cause of Plaintiff's injuries and damages.

### VII. COUNT FIVE- NEGLIGENCE OF DEFENDANT AJ LOGISTICS

[¶37] Plaintiff re-alleges all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶38]  Defendant AJ Logistics had a duty to provide its employees with the proper training, equipment, and tools necessary to complete all duties in a manner which prevented foreseeable risks of injury to other persons.

[¶39]  Defendant AJ Logistics endorsed, ratified, or permitted to continue, unsafe work practices of its employees, which created a foreseeable risk of injury to foreseeable plaintiffs.

[¶40]  Defendant AJ Logistics' work practices violated applicable rules and regulations, industry standards, and breached the standard of reasonable care.

[¶41]  As a result of these violations and breach of duty, Plaintiff suffered injuries and damages as stated herein.

## VIII.  COUNT SIX- NEGLIGENT HIRING/TRAINING/SUPERVISION OF DEFENDANT FEDEX

[¶42]  Plaintiff re-alleges all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶43]  Defendant FedEx's actions constituted a breach of multiple duties of care including, but not limited to, its duty to exercise reasonable care in hiring and/or retaining Defendant Shire.

[¶44]  Defendant is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

[¶45]  As a direct and proximate cause of Defendant's negligence, Plaintiff suffered personal injuries.

[¶46]  As a direct and proximate cause of Defendant's negligence, Plaintiff has suffered physical pain.

[¶47]  Plaintiff's injuries have caused a substantial decrease in the quality of her daily life.

[¶48]  Defendant breached this duty, and this breach was the proximate cause of Plaintiff's injuries and damages.

### IX. COUNT SEVEN- NEGLIGENCE OF DEFENDANT FEDEX

[¶49] Plaintiff re-alleges all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶50] Defendant FedEx had a duty to provide its employees with the proper training, equipment, and tools necessary to complete all duties in a manner which prevented foreseeable risks of injury to other persons.

[¶51] Defendant FedEx endorsed, ratified, or permitted to continue, unsafe work practices of its employees, which created a foreseeable risk of injury to foreseeable plaintiffs.

[¶52] Defendant FedEx's work practices violated applicable rules and regulations, industry standards, and breached the standard of reasonable care.

[¶53] As a result of these violations and breach of duty, Plaintiff suffered injuries and damages as stated herein.

### X. COUNT EIGHT- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

[¶54] Plaintiff re-alleges all preceding paragraphs and incorporate them by reference as if fully set forth herein.

[¶55] Defendant Shire negligently harmed, or endangered the safety of Scott Walden in Mrs. Walden's presence.

[¶56] Defendant Shire's negligence also created an unreasonable risk of physical injury to Plaintiff Mrs. Walden.

[¶57] Defendant Shire's negligence was a proximate cause of emotional distress that has resulted in physical harm to Plaintiff Mrs. Walden.

### XI. COUNT NINE- SURVIVAL ACTION

[¶58] Plaintiff re-alleges all preceding paragraphs and incorporate them by reference as

if fully set forth herein.

[¶59] Scott Walden experienced significant pain and suffering from his injuries caused by Defendants prior to passing away.

[¶60] Scott Walden suffered both economic and non-economic damages due to injuries which resulted from the Defendants' negligence.

[¶61] Scott Walden ultimately died as a result of Defendants' negligence.

## XII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendant, and respectfully requests that this Court enter judgment in the Plaintiffs' favor, and in favor of Scott Walden's heirs, as follows:

[¶62] Recovery of damages of a reasonable sum but not less than $50,000.00 for non-economic loss, including pain, suffering, inconvenience, physical impairment, disfigurement, mental anguish, emotional distress, fear of injury, loss or illness, loss of society and companionship, loss of consortium, and other nonpecuniary damages as allowed by North Dakota law;

[¶63] Recovery of damages of a reasonable sum but not less than $50,000.00 for past economic loss including medical expenses and medical care, rehabilitation services, custodial care, loss of earnings and earning capacity, loss of income or support, burial/funeral costs, cost of substitute domestic services, loss of employment or business or employment opportunities and other monetary losses suffered by Plaintiffs;

[¶64] Recovery of damages of a reasonable sum but not less than $50,000.00 for future economic loss and medical expenses to be incurred by Plaintiffs;

[¶65] Costs and disbursements of this action;

[¶66] Interest; and

[¶67] For such other and further relief as this Court may deem just and equitable.

### XIII. JURY DEMAND

[¶68] Plaintiff requests trial by jury on all counts and issues pleaded herein.

DATED this 19th day of April, 2022.

**LOWE LAW GROUP**

/s/ Eric Hinckley
Zachary Peter Lowe (ND ID No. 07765)
Eric Hinckley (ND ID No. 07766)
Jason Harmon (ND ID No. 09507)
6028 S. Ridgeline Drive, Suite 200
Ogden, UT 84405
Phone: 701.343.3333
pete@lowelawgroup.com
eric_h@lowelawgroup.com
j.harmon@lowelawgroup.com
Attorneys for Plaintiff