## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Antonina Walden, individually and as<br>Personal Representative of the Estate of<br>Scott Walden, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING DEFENDANTS'** |
| vs. | ) | **MOTION FOR PARTIAL SUMMARY** |
| | ) | **JUDGMENT** |
| Hashi Shire, AJ Logistics, Inc., and | ) | |
| FedEx Ground Package System, Inc., | ) | |
| A Delaware Corporation, | ) | Case No. 1:22-cv-086 |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Defendants' motion for partial summary judgment filed on August 2, 2023. See Doc. No. 40. The Plaintiff filed a response in opposition to the motion on August 30, 2023. See Doc. No. 55. The Defendants filed a reply brief on September 20, 2023. See Doc. No. 65. For the reasons set forth below, the motion is denied.

## I.    BACKGROUND

This case arises out of a motor vehicle accident that occurred in Morton County, North Dakota on March 4, 2022. Scott and Antonina Walden were traveling westbound on Interstate 94 while Defendant Hashi Shire was traveling eastbound. Shire was driving a semi tractor pulling double trailers ("tractor"). While driving in winter weather conditions, Shire lost control of the tractor and collided with Scott and Antonina Walden. Scott and Antonina Walden were injured from the accident. Scott Walden died from the injuries he sustained. While driving, Shire was in the course and scope of his employment with AJ Logistics, Inc. ("AJ Logistics") and FedEx Ground Package System, Inc. ("FedEx"). At the time, AJ Logistics was a service provider for

1

FedEx. Under the Transportation Service Agreement with FedEx, AJ Logistics provided employee drivers and trucks to FedEx.

On April 19, 2022, the Plaintiff brought claims against the Defendants in state court. On May 18, 2022, the Defendants removed the action to federal court on the basis of diversity jurisdiction. See Doc. No. 1. The Plaintiff brings claims of wrongful death, negligence, vicarious liability, negligence in hiring, training, and supervision, negligence infliction of emotional distress, and a survival action. The Defendants moved for partial summary judgment on the claims of negligent hiring, training, and supervision against AJ Logistics and FedEx, negligence against AJ Logistics and FedEx, and the survival action against Shire, AJ Logistics, and FedEx. The motion has been fully briefed and is ripe for disposition.

## II.   <u>STANDARD OF REVIEW</u>

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. <u>Davison v. City of Minneapolis, Minn.</u>, 490 F.3d 648, 654 (8th Cir. 2007); <u>see</u> Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. <u>Id.</u> The purpose of summary judgment is to assess the evidence and determine if a trial is genuinely necessary. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

The court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must

prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252. If the record taken as a whole and viewed in a light most favorable to the non-moving party could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial and summary judgment is appropriate. Matsushita, 475 U.S. at 587.

## III.   LEGAL DISCUSSION

In their motion for partial summary judgment, the Defendants contend the Plaintiff cannot establish the requisite elements of the negligent hiring, training, and supervision claims, her direct negligence claims, and her survival action. The Plaintiff disputes many of the Defendants' factual statements and argues there is sufficient evidence to support her claims. This case presents a multitude of genuine issues of material fact in dispute that preclude summary judgment.

### A.   NEGLIGENT HIRING, TRAINING, AND SUPERVISON

Negligence hiring, training, and supervision claims are direct negligence claims against the employer of a tortfeasor. Nelson v. Gillette, 1997 ND 205, ¶ 39. The elements of a negligence claim are: (1) duty; (2) breach of that duty; (3) causation; and (4) damages. Id. at ¶ 40. A plethora of genuine issues of material fact preclude summary judgment on each of these claims.

3

A review of the record reveals disputed evidence that AJ Logistics or FedEx provided any direct training to Shire. Rather, in support of their motion for partial summary judgment, the Defendants refer to training provided to Shire by Optimus, a previous employer. Whether AJ Logistics breached their duty of care by relying on training provided by a previous employer, rather than directly training Shire, is a factual question best left to the consideration of a jury. In addition, the parties dispute the content, adequacy, and extent of the training provided by Optimus and whether Shire read any safety manuals while training with Optimus. In particular, the Defendants assert Shire completed winter driving training. However, the record reveals a lack of clear evidence of this assertion. The sufficiency of the training provided by Optimus is a genuine issue of material fact in dispute for the jury to resolve.

The parties dispute whether Shire was proficient in English. The Defendants argue Shire was sufficiently proficient in English to pass the written Commercial Driver's License ("CDL") test in English. Shire testified that he prepared to take a written test for a permit. See Doc. No. 41-1, p. 5. However, according to his testimony he was not required to take a written test in English in order to obtain his CDL. Id. at, p. 7. The Plaintiff argues the Defendants were negligent in hiring Shire because he is unqualified under the Federal Motor Carrier Safety Regulations, which require commercial drivers to "read and speak the English language sufficiently to converse with the general public, to understand traffic signs, to response to official inquiries, and to make entries on reports and records." 49 C.F.R. § 391.11. The Plaintiff disputes the Defendants' contention that Shire can sufficiently read and speak the English language to meet the Federal Motor Carrier Safety Regulations. In particular, the Plaintiff points to Shire's deposition, arguing that he appeared to have some difficulty reading and explaining regulations and training materials in English. Id. at pp. 18-19. The Court finds reasonable persons could reach differing conclusions

4

regarding whether Shire could sufficiently read and speak the English language to meet the Federal Motor Carrier Safety Regulations. Therefore, partial summary judgment is inappropriate on the Plaintiff's negligence hiring, training, and supervision claims.

### B.    <u>DIRECT NEGLIGENCE</u>

The Plaintiff alleges the Defendants endorsed, ratified, or permitted unsafe work practices of employees which created a foreseeable risk of injury to foreseeable plaintiffs. The Plaintiff further alleges the Defendants breached their standard of reasonable care with practices that violated rules, regulations, and industry standards. In particular, the Plaintiff contends the Defendants allowed inexperienced and unqualified drivers to transport FedEx goods on public highways.

The Defendants argue the Plaintiff cannot meet the elements of negligence for its direct negligence claims against AJ Logistics and FedEx. Specifically, the Defendants contend the Plaintiff did not identify rules, regulations, or industry standards the Defendants allegedly violated. In opposition to the Defendants' motion the Plaintiff submitted AJ Logistics' Safety Results Summary, which documents accidents its drivers were involved in, the type of maneuver completed at the time of the accident, and whether the accident was preventable. <u>See</u> Doc. No. 55-2. The summary categorizes several of the accidents as preventable. The Plaintiff also submitted a report by its expert witness, Lew Grill, in opposition to the Defendants' motion. <u>See</u> Doc. No. 55-4. Grill opined that FedEx's failure and gaps in training and safety management systems are evident in the systemic history of particular violations. The detailed report outlines trucking industry rules, regulations, standards, customs, and practices, the standard of care for truck drivers, and Grill's opinions as to how the Defendants failed to adhere to the requisite standards. Viewing

the summary and the report in the light most favorable to the Plaintiff, genuine issues of material fact exist regarding the alleged breach of the Defendants' duty. Accordingly, partial summary judgment must be denied on the Plaintiff's direct negligence claims. Suffice it to say there are a multitude of genuine issues of material fact in dispute concerning the claims of negligence as to each of the named defendants.

### C.   <u>SURVIVAL ACTION</u>

Under Section 28-01-26.1 of the North Dakota Century Code, "No action or claim for relief, except for breach of promise, alienation of affections, libel, and slander, abates by the death of a party or of a person who might have been a party had such death not occurred." In *Sheets v. Graco, Inc.*, the North Dakota Supreme Court stated, "survival actions accrue, or come into existence as a legally enforceable right, not at the time of the death of the injured party, but at the time the deceased was first injured." 292 N.W.2d 63, 67 (N.D. 1980).

The Defendants argue the Plaintiff cannot maintain a survival action because Scott Walden did not experience conscious pain and suffering following the accident. Section 28-01-26.1 of the North Dakota Century Code does not require conscious pain and suffering. However, the Defendants cite to *Sheets v. Graco, Inc.*, 292 N.W.2d 63 (N.D. 1980) in support of their contention. When distinguishing between a survival action and a wrongful death action, the North Dakota Supreme Court stated,

> 'The elements of damages recoverable under survival statutes are *generally* as follows: conscious pain and suffering; medical expenses; funeral and burial expenses; and loss of earnings, usually from the time of injury to the time of death. In some jurisdictions, punitive damages, mental anguish, or any outrage to the feelings of the injured person, may also be recovered.'

Id. at 67, (citing 2 S. Speiser, Recovery for Wrongful Death 2d s 14:6 (1975)) (emphasis added). The North Dakota Supreme Court did not hold that North Dakota's survival statute requires conscious pain and suffering to maintain a survival action. Rather, the court made note of elements of damages that are *generally* recoverable under survival statutes. Notably, conscious pain and suffering was just one of several elements of damages listed. Accordingly, conscious pain and suffering is not required for the Plaintiff to maintain her survival action.

To the extent conscious pain and suffering is an element of damages under North Dakota law, the parties dispute whether Scott Walden experienced conscious pain and suffering. While the Defendants argue he was unconscious from the time of the accident, the Plaintiff's medical expert, Dr. Joseph Hansler, opined that Scott Walden experienced conscious pain and suffering after the accident. See Doc. No. 41-5, p. 11-13. The record clearly establishes the existence of genuine issues of material fact in dispute as to this cause of action.

The aforementioned factual disputes on the Plaintiff's negligent hiring, training, and supervision, direct negligence, and survival claims comprise just a handful of the factual disputes relevant to the Defendants' motion for partial summary judgment. When viewed in a light most favorable to the Plaintiff, this case presents many genuine issues of material fact in dispute which the Court cannot resolve at this stage. Such issues are best left for a jury to resolve at trial. Based upon the record before it, the Court finds partial summary judgment is inappropriate.

## IV.   <u>CONCLUSION</u>

The Court finds that genuine issues of material fact exist and partial summary judgment is not warranted at this stage. For the reasons set forth above, the Defendants' motion for partial summary judgment (Doc. No. 40) is **DENIED**.

**IT IS SO ORDERED.**

7

Dated this 17th day of November, 2023.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court